UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CESAR ESTEVEZ,                          :
                                        :
      Petitioner              :
                                        :
  v.                                    : CIVIL NO. 3:CV-08-1830
                                        :
UNITED STATES ATTORNEY                  : (Judge Kosik)
GENERAL, et al.,                        :
                                        :
      Respondents

**Memorandum and Order**

**I.**    **Background**

    Cesar Estevez is currently confined at the State Correctional Institution at Huntingdon, Pennsylvania. He was convicted by the Philadelphia Court of Common Pleas on charges of Aggravated Assault and drug-related offenses, and is currently serving a sentence of 3 years and 6 months to 10 years imprisonment. His minimum sentence date is August 23, 2005 and his maximum date is February 23, 2012. (Doc. 1, Pet., Ex A, Sentence Status Summary.) He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 3, 2008. In the petition, he challenges the legality of a detainer placed upon him by the United States Bureau of Immigration and Customs Enforcement ("ICE"). Along with his petition, he submits a request to proceed in forma pauperis in this matter. (Doc. 2.) He claims that on April 15, 2008, the Pennsylvania Board of Probation and Parole rendered a decision granting him parole, but that the ICE detainer was thereafter lodged. He remains

confined on the state sentence and requests that the court issue an order directing ICE to lift the detainer, and allow him to be released on parole pending the time when the detainer situation is settled.  (Id., Pet. at 2.)  For the reasons that follow, the request to proceed in forma pauperis will be granted for the sole purpose of filing the instant petition, and the petition will be dismissed for lack of subject matter jurisdiction.

**II.    Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." District courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).

In the present action, Estevez is currently still confined at SCI-Huntingdon and serving his state sentence.[1]  While it may very well be that the Pennsylvania Board of Probation and Parole has rendered a decision to release Petitioner on parole once certain conditions are met, including an approved home plan, ICE has since lodged an immigration detainer against Petitioner notifying him that an investigation has been commenced to determine whether he is removable from the United States and giving notice of the intent to take him into ICE custody once service of his criminal sentence is completed.  Pursuant to the detainer, prison officials are requested to provide ICE with advanced notice of Petitioner's release so that they can assume custody of him.

It is initially noted that there is no claim by Petitioner that his present incarceration is the result of the ICE detainer.  Under 8 C.F.R. § 239.1(a), removal proceedings do not commence upon the filing of a detainer at the prison where the alien is incarcerated, but rather with the filing of a notice to appear before an Immigration Judge.  Pri-Har v. Reno, Civil No. 1:CV-00-1635, slip op. at 4 (M.D. Pa. June 5, 2001)(Caldwell, J.)  The presence of an ICE detainer also does not affect Petitioner's status as a sentenced state offender.  Rather, "it merely notifies prison officials that a decision regarding his deportation will be made ... at some future date." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).

---

[1] The court verified Petitioner's status via a telephone call today to the Records Office at SCI-Huntingdon.

3

A petitioner may not challenge an immigration detainer by filing a § 2241 petition "absent actual custody" by ICE. Garcia v. INS, 733 F. Supp. 1554 (M.D. Pa. 1990). More recent decisions have similarly held that a petitioner has no right to compel immediate resolution of a pending ICE detainer. Porte v. Miller, et al., Civil Action No. 4:CV-05-589, slip op. at 4 (M.D. Pa. Oct. 20, 2005)(Jones, J.); Escobar v. U.S. Dept. of Justice, 2005 WL 1060635 (E.D. Pa. May 5, 2005); Burgos v. Derosa, 2005 WL 2205814 (D.N.J. Sept. 8, 2005). In Porte, this court agreed with Escobar that the lodging of an immigration detainer does not establish that removal proceedings have commenced. Further, since it was undisputed that the petitioner in Porte was presently serving his criminal sentence and was not in actual ICE custody, the court found that he did not satisfy § 2241's "in custody" requirement. Thus, his § 2241 petition was found to be premature and dismissed.

It was further recognized in Burgos that a habeas petitioner was not entitled to relief with respect to his claim that the lodging of the ICE detainer caused a limitation on his prison activities, such as determinations regarding his placement or program participation. Burgos, 2005 WL 2205814 at *6.

Thus, for all of the above reasons, it is clear that this court lacks subject matter jurisdiction over Petitioner's habeas petition filed under § 2241 as he is still serving his state sentence. Petitioner is not in ICE custody merely due to the lodging of the detainer.

4

**ACCORDINGLY, THIS 7th DAY OF OCTOBER, 2008, IT IS**

**HEREBY ORDERED THAT:**

1. Petitioner's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. 2) is **granted** for the sole purpose of filing the instant petition.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed as premature**.

3. The Clerk of Court is directed to close this case.

                                                *s/EDWIN M. KOSIK*
                                                United States District Judge